# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia


SEP - 5 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Samsung, Model SM-J327T1, Galaxy J3 Emerge<br>bearing IMEI: 359479092300097 | )<br>)<br>)   Case No. 3:19SW258<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein.

located in the _____Eastern_____ District of _____Virginia_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1951(a); 924(c)(1)(A), and 922(g)(1) | Robbery affecting commerce; using, carrying, and brandishing a firearm during and in relation to a crime of violence; and unlawful possession of a firearm by a convicted felon. |

The application is based on these facts:

See Affidavit in support of search warrant, incorporated herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Todd Fleming, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: September 5, 2019

/S/
David J. Novak
United States Magistrate Judge
*Judge's Signature*

City and state: Richmond, Virginia

David J. Novak, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A
*Item to Be Searched*

A Samsung, Model SM-J327T1, Galaxy J3 Emerge, OS Version: Android 7.0 bearing IMEI: 359479092300097; Serial Number: R28K72RF65X; IMSI: 3102603473863832; ICCID: 89012603429738638 32; MSISDN: 7579492469. Agents executing this warrant are authorized to secure the SUBJECT DEVICE which is currently secured as evidence at the Colonial Heights Police Department, located at 100 Highland Avenue in Colonial Heights, Virginia.

# ATTACHMENT B
*Property to be Seized*

The items to be seized are evidence, fruits, and instrumentalities of offenses involving violations of Title 18 U.S.C. §§ 1951(a), 924(c)(1)(A), and 922(g)(1), those violations involving TAJH RODGERS and occurring in January 2019, and continuing up to the time of RODGERS' arrest on January 11, 2019, including electronically stored information described below:

a. Records and information relating to preparation for and execution of the January 7, 2019 armed robbery at the Sprint Store, 1160 Temple Avenue, Colonial Heights, Virginia;

b. Records and information relating to stored communications, including text messages, MMS messages, and voicemails.

c. Records and information related to address books, phone books, applications ("Apps"), and similar records reflecting names, addresses, telephone numbers and other contact or identification data.

d. Records and information relating to any internet or other searched-for information related to the January 7, 2019 Sprint Store robbery;

e. Digital photographs, videos, or audio recordings of confederates, assets or proceeds from the robbery, as well as specific locations connected to the user of the phone.

f. Records and information relating to a conspiracy to commit the January 7, 2019 Sprint Store robbery; and

g. Records and information related to travel patterns for TAJH RODGERS in the months leading up to and after the January 7, 2019 Sprint Store robbery.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any electronic format on the cellular phone at issue.

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

IN THE MATTER OF THE APPLICATION )
OF THE UNITED STATES OF AMERICA )
FOR A WARRANT TO SEARCH SAMSUNG ) No. 3:19 SW 258
GALAXY EMERGE CELL PHONE )

## AFFIDAVIT OF SPECIAL AGENT

I, Todd Fleming, being duly sworn, state:

1. I am a special agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives.

2. This affidavit concerns an investigation by law enforcement into offenses under federal criminal law, specifically: Robbery Affecting Commerce, in violation of 18 U.S.C. § 1951(a); Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A); and Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

3. Through the course of this investigation, law enforcement agents have established probable cause to believe that Tajh Rodgers and another unknown suspect committed the above criminal offenses within the Eastern District of Virginia on specific dates in January 2019. On August 6, 2019, Rodgers was charged for commission of all three offenses in a three-count federal indictment. The case, *United States v. Tajh Rodgers*, Case No. 3:19CR111, is assigned to the Honorable Robert E. Payne and is scheduled for trial to begin on October 28, 2019.

4. This affidavit is submitted in support of a search warrant for a Samsung, Model SM-J327T1, Galaxy J3 Emerge bearing IMEI: 359479092300097; Serial Number: R28K72RF65X; IMSI: 3102603473863832; ICCID: 8901260342973863832; MSISDN:

7579492469 (hereinafter "SUBJECT DEVICE"), which is currently in law enforcement custody at the Colonial Heights Police Department at 100 Highland Avenue in Colonial Heights, Virginia. The SUBJECT DEVICE to be searched is more particularly described in Attachment A, which is incorporated herein by reference. This affidavit is also submitted in support of a search warrant authorizing the examination of SUBJECT DEVICE, and the extraction from the SUBJECT DEVICE electronically stored information described in Attachment B.

5. This affidavit is based upon information supplied to me by other law enforcement officers, including other special agents employed by the ATF, and local law enforcement personnel who are participating in the investigation. It is also based upon my personal involvement in this investigation and on my training and experience. In submitting this affidavit, I have not included each and every fact known to me about the investigation, but instead have included only those facts that I believe are sufficient to establish probable cause to search the SUBJECT DEVICE.

## RELEVANT STATUTORY PROVISIONS

6. Title 18, United States Code, Section 1951(a), provides in pertinent part that it is illegal when —

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

(b) As used in this section –

(1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury,

immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

7. Title 18, United States Code, Section 924(c)(1)(A) makes it crime when:

(c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

8. Title 18, United States Code, Section 922(g)(1) makes it illegal for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to knowingly possess in or affecting commerce, any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

## TECHNICAL TERMS

9. Based on my training and experience and in consulting with experts from ATF who have received additional training with respect to cellular telephones and related evidence, I use the following technical terms to convey the following meanings:

a. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating

3

with each other are in the same state. The Internet is a means or facility of interstate and foreign commerce.

b. Smartphone is a portable personal computer with a mobile operating system having features useful for mobile or handheld use. Smartphones, which are typically pocket-sized (as opposed to tablets, which are larger in measurement), have become commonplace in modern society in developed nations. While the functionality of smartphones may vary somewhat from model to model, they typically possess most if not all of the following features and capabilities: 1) place and receive voice and video calls; 2) create, send and receive text messages; 3) voice-activated digital assistants (such as Siri, Google Assistant, Alexa, Cortana, or Bixby) designed to enhance the user experience; 4) event calendars; 5) contact lists; 6) media players; 7) video games; 8) GPS navigation; 9) digital camera and digital video camera; and 10) third-part software components commonly referred to as "apps." Smartphones can access the Internet through cellular as well as Wi-Fi networks. They typically have a color display with a graphical user interface that covers most of the front surface of the phone and which usually functions as a touchscreen and sometimes additionally as a touch-enabled keyboard.

## FACTS AND CIRCUMSTANCES

10. On January 7, 2019 at approximately 2:25PM, suspect # 1, a masked, black male wearing a green Nike hooded sweatshirt and black tennis style shoes with a chrome colored tag at the base of the shoe strings entered the Sprint Store located at 1160 Temple Ave in Colonial Heights. The suspect brandished a silver/black handgun and ordered victims JJ and WS to the back of the store. WS was told to open the rear door, at which time a second suspect entered the store. WS was told to unlock the safe so he entered the unlock code. WS told the suspects that the safe had a 20 minute delay from the time the code was entered until the door would open. The suspects decided to stay and abduct WS and JJ to wait for the 20 minute period to elapse.

11. During the robbery, suspect #1 continued to brandish the firearm at JJ and WS. Both WS and JJ were made to lie face down on the floor. JJ's hands were tied behind his back. An unsuccessful attempt was made to tie WS's hands behind his back. The suspects told WS

4

and JJ that if they did anything to notify the police, they would be shot. During the wait time on the safe timer, a customer came into the store. JJ was told to go to the front of the store to assist the customer and get rid of her quickly. JJ was told that if he tried to alert the customer, WS would be shot. JJ assisted the customer and returned to the rear of the store. During the robbery, suspect #1 took approximately $150.00 out of the front cash register. After the timer allowed the safe to be opened, both suspects emptied the contents of the safe into a bag. WS and JJ were ordered into the restroom, told to count to 120 and told that they would be shot if they came out any earlier. When WS and JJ came out of the restroom, the suspects were gone.

12. Both suspects were completely covered except for their eyes. Both suspects wore gloves and did not touch anything with an ungloved hand. Approximately 70 items were stolen from the safe to include Apple products, Samsung products, LG products and multiple SIMS cards.

13. Colonial Heights Police Department Detective Brandeberry entered the stolen items into NCIC and on January 8, 2019, received a 'hit' for one of the stolen phones. The phone had been sold to Wireless 4 Less in Chesapeake, VA by Tajh RODGERS. Detective Brandeberry contacted the business and found that RODGERS sold two phones to them. Video and VA DMV photos appear to be of the same person.

14. Due to a previous and totally separate investigation, law enforcement had determined where ROGDERS was living and the phone number that he was using. The SUBJECT DEVICE phone is known to be the phone that RODGERS was utilizing because prior to the January 7, 2019 robbery, a confidential law enforcement cooperator had spoken with RODGERS on that phone number and exchanged text messages with RODGERS using the same phone number as is on the SUBJECT DEVICE.

15. Detective Brandeberry obtained a search warrant for the residence where RODGERS was known to be staying. The warrant was executed on the morning of January 11, 2019. Multiple stolen phones, etc. were located in the bedroom where RODGERS was found. RODGERS' girlfriend, Tamara Arnold, was using one of the stolen phones. A silver/black handgun that was loaded with 15 rounds of ammunition was located in a dresser drawer in the same bedroom. Also in the bedroom were articles of clothing that matched clothing worn by suspect #1 during the robbery, in particular, a green Nike hooded sweatshirt and black tennis style shoes with a chrome colored plate at the base of the shoe strings. The SUBJECT DEVICE identified as belonging to RODGERS was recovered in the bedroom. RODGERS denied involvement in the robbery. Phone tracking / GPS data provided by T-Mobile tracked RODGERS' phone from the Norfolk area to the Colonial Heights Sprint Store area on the date and during the time of the robbery.

16. The Commonwealth of Virginia, Department of Forensic Science determined that the involved firearm was indeed a functioning firearm. The Department of Forensic Science DNA testing revealed that Tajh RODGERS cannot be eliminated as a major contributor of the DNA collected from the Nike hooded sweatshirt. According to the report, "The probability of randomly selecting an unrelated individual with a DNA profile matching the major profile developed from the combined sample from the inside of the hood, wrist cuffs, neck and underarm areas at the PowerPlex Fusion loci is 1 in greater than 7.2 billion (which is approximately the world population) in the Caucasian, African American, and Hispanic populations".

17. The Sprint Store at issue is a business that engages in interstate commerce. Multiple items that are sold in the store are manufactured outside of the Commonwealth of

Virginia. The store closed after the robbery and remained closed during the police investigation. The store did not reopen until 10:00AM on January 8, 2019.

**CELLULAR TELEPHONES**

18. I know that smartphones, such as the SUBJECT DEVICE, may be important to a criminal investigation in two distinct and important respects: (1) the objects themselves may be instruments, fruits, or evidence of a crime and (2) the objects may have been used to collect and store information about crimes, in the form of electronic data. Rule 41 of the Federal Rules of Criminal Procedure permits the government to search and seize cellular telephones which are (1) instruments, fruits, or evidence of a crime, or (2) storage devices for information about crime. Further, based on my experience, I know:

    a. information stored on a smartphone may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.

    b. that robbers often use smartphones to communicate in connection with their ongoing robbery activities, including communication by live conversations, voice messages to one another, text messages, emails, and similar communication methods all conducted via the cellular telephones that often have internet capabilities;

    c. that robbers commonly maintain names, addresses and telephone numbers in their smartphones for their associates, including those involved in the robbery venture;

    d. that information on a smartphone may indicate when the phone was used and what contacts were made, which is particularly valuable in relation to investigating steps taken by a suspect before, during, and after a robbery;

    e. that many smartphones contain location and GPS-type information, revealing travel patterns that may differ from travel taken in relation to a particular crime, such as robbery; further, the same information may revealed a particular target's location at the time of the robbery under investigation;

    f. that suspects may use smartphones to research information from the internet regarding the robbery location, how to commit a particular robbery, the value of

7

      items stolen during a robbery, and any other information bearing on the proposed crime; and

g.    that many smartphones have extensive photography and video capabilities. That many robbers frequently use their cellular telephones to take, cause to be taken, photographs and/or videos of themselves, their co-conspirators, and their stolen property, and that these traffickers usually maintain these photographs and/or videos, on their cellular telephones.

## PREVIOUS SEARCH WARRANT

19.    On January 10, 2019, Detective A.C. Brandeberry obtained a state search warrant authorizing the search of 934 E. Liberty Street, Norfolk, Virginia 23523. That warrant was executed and resulted in the seizure of the SUBJECT DEVICE and other pieces of evidence connected to the robbery under investigation. Information obtained from the subsequent forensic examination of the SUBJECT DEVICE has not been included in the probable cause foundation for the warrant currently presented to this Court.

## CONCLUSION

20. Based on the information described above, I respectfully submit that there is probable cause to believe, that Tajh Rodgers committed the crimes described in detail above, and that evidence of those crimes may be found on the Samsung, Model SM-J327T1, Galaxy J3 Emerge bearing IMEI: 359479092300097; Serial Number: R28K72RF65X; IMSI: 3102603473863832; ICCID: 8901260342973863832; MSISDN: 7579492469, the SUBJECT DEVICE. Accordingly, I respectfully request that a search warrant be issued for the SUBJECT DEVICE, more particularly described in Attachment A, and the extraction from the SUBJECT DEVICE electronically stored information described in Attachment B.

Respectfully submitted,

Todd Fleming
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me this date: September 5, 2019

/S/
David J. Novak
United States Magistrate Judge

## ATTACHMENT A
*Item to Be Searched*

A Samsung, Model SM-J327T1, Galaxy J3 Emerge, OS Version: Android 7.0 bearing IMEI: 359479092300097; Serial Number: R28K72RF65X; IMSI: 3102603473863832; ICCID: 8901260342973863832; MSISDN: 7579492469. Agents executing this warrant are authorized to secure the SUBJECT DEVICE which is currently secured as evidence at the Colonial Heights Police Department, located at 100 Highland Avenue in Colonial Heights, Virginia.

## ATTACHMENT B
*Property to be Seized*

The items to be seized are evidence, fruits, and instrumentalities of offenses involving violations of Title 18 U.S.C. §§ 1951(a), 924(c)(1)(A), and 922(g)(1), those violations involving TAJH RODGERS and occurring in January 2019, and continuing up to the time of RODGERS' arrest on January 11, 2019, including electronically stored information described below:

a. Records and information relating to preparation for and execution of the January 7, 2019 armed robbery at the Sprint Store, 1160 Temple Avenue, Colonial Heights, Virginia;

b. Records and information relating to stored communications, including text messages, MMS messages, and voicemails.

c. Records and information related to address books, phone books, applications ("Apps"), and similar records reflecting names, addresses, telephone numbers and other contact or identification data.

d. Records and information relating to any internet or other searched-for information related to the January 7, 2019 Sprint Store robbery;

e. Digital photographs, videos, or audio recordings of confederates, assets or proceeds from the robbery, as well as specific locations connected to the user of the phone.

f. Records and information relating to a conspiracy to commit the January 7, 2019 Sprint Store robbery; and

g. Records and information related to travel patterns for TAJH RODGERS in the months leading up to and after the January 7, 2019 Sprint Store robbery.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any electronic format on the cellular phone at issue.